REQUESTED BY: Senator John DeCamp State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
This is in response to your letter of December 10, 1981, requesting our comments on a proposed legislative bill which contains a more restrictive eligibility section of the Federal Community Service Block Grant.
You made specific reference to paragraph (2) of section 2 of the proposed bill which reads:
 "Any funds received by the department under the Community Services Block Grant Act after October 1, 1982, shall be allocated to any nonprofit community based organization which meets the requirements of the Community Services Block Grant Act. Except that 5% of these funds received may be used for the Department's Administrator."
Section 673(1) of the Federal Act defines `eligible entity' as any organization which was officially designated as a community action agency under the provisions of section 210 of the Economic Opportunity Act of 1964 for fiscal 1981. This definition would include the nine existing community action agencies in Nebraska if they have not lost their designation. Thus, the proposed bill would limit the choice of grant recipients to existing agencies and, newly formed ones that meet the standards of the 1964 Federal Act. (See Section 675(c)(2)A and (3) which sets out the requirements of the board of directors).
The restrictions of the proposed bill must be considered in terms of Section 675(c)(2)(A)i which for fiscal year 1982 provides for grants to community action programs or
to migrant and seasonal farm worker organizations. Thus, for 1982 the proposed legislative bill eliminates the possibility of a migrant or seasonal farm worker organization being considered for a grant.
The next paragraph in the Federal Act Section 657(c)(2)A(ii) addresses the funding for fiscal year 1983 and each subsequent fiscal year. It provides funds to the state to make grants to political subdivisions, or to nonprofit community based organizations, or to migrant and seasonal farm worker organizations. Thus for 1983 and subsequent years the proposed bill eliminates the possibility of a political subdivision obtaining a grant as well as a migrant or seasonal farm worker organization.
It should be noted that Section 675(c)(4) provides that the state give special consideration in the designation of local community action agencies under this subtitle to any community action agency which is receiving funds under any federal antipoverty program on the date of the enactment of this act. Thus, the director is to give special consideration to existing action agencies.
However, the federal act clearly states that for 1983 and subsequent years political subdivisions or migrant/seasonal farm worker organizations are possible recipients of grants, as well as nonprofit private community organizations.
As the federal act is written the director is to keep the option to provide grants to political subdivisions and migrant/seasonal worker organizations. We can visualize the maintaining of such options as desirable in the event that a community action agency would not meet the standards or service in a given area which could be better provided for by a political subdivision or migrant/seasonal farm worker organizations.
Where the federal act specifies potential grantees it is questionable whether the state can properly eliminate certain ones by a more restrictive act. We cannot predict how federal authorities would respond to the restriction, but conceivably it could jeopardize the grant. Further, if the program were challenged by possible grant recipients the state would have a problem in showing that it was in substantial compliance with the federal act.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General